# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

| | |
|---|---|
| TERESA MAXEY, | |
|        Plaintiff, | No. C08-4007-DEO |
| vs. | **ORDER** |
| SIOUX CITY COMMUNITY SCHOOL DISTRICT, | |
|        Defendant. | |

_____

The plaintiff has filed a motion to extend the discovery deadline (Doc. No. 8) and a motion to compel discovery (Doc. No. 9). The motion to extend the discovery deadline has not been resisted, and is **granted**. The discovery deadline is extended to **April 1, 2009**. The dispositive motions deadline is extended to **April 15, 2009**.

The motion to compel has been resisted by the defendant, and the plaintiff has filed a reply brief. The motion came on for hearing on January 6, 2009. Theodore E. Karpuk appeared at the hearing on behalf of the plaintiff, and Douglas L. Phillips appeared on behalf of the defendant. The matter is now fully submitted.

In this case, the plaintiff is asserting age and race discrimination claims against the defendant. These claims arise, in part, out of an alleged incident that occurred during a fifth grade class at Lincoln School on January 25, 2007. The plaintiff is seeking the names and addresses of the students who were in attendance at the class, and the names, addresses, and telephone numbers of their parents. She also is seeking the same information for any other students from whom the defendant has taken a statement regarding the incident.

The defendant resists these discovery requests under the terms of the Family Educational Rights and Privacy Act of 1974 ("FERPA"), which provides in relevant part as follows:

No funds shall be made available under any applicable program to any educational agency or institution which has a policy or practice of releasing, or providing access to, any personally identifiable information in education records other than directory information, or as is permitted under paragraph (1) of this subsection, unless –

> (A) there is written consent from the student's parents specifying records to be released, the reasons for such release, and to whom, and with a copy of the records to be released to the student's parents and the student if desired by the parents, or
>
> (B) except as provided in paragraph (1)(J), such information is furnished in compliance with judicial order, or pursuant to any lawfully issued subpoena, upon condition that parents and the students are notified of all such orders or subpoenas in advance of the compliance therewith by the educational institution or agency.

20 U.S.C. § 1232g(b)(2). The plaintiff responds that the court should issue an appropriate order directing the defendant to release the requested information.

A similar question was discussed by the court in *Ragusa v. Malverne Union Free School District*, 549 F. Supp. 2d 288 (E.D.N.Y. 2008), as follows:

> The purpose of FERPA is to "assure parents of students . . . access to their education records and to protect such individuals' right to privacy by limiting the transferability (and disclosure) of their records without their consent." *Rios v. Read*, 73 F.R.D. 589, 597 (E.D.N.Y. 1977) (quoting 120 Cong. Rec. S21497 (daily ed. Dec. 13, 1974) (joint remarks of Sen. Buckley and Sen. Pell)). FERPA does not provide a privilege that prevents the disclosure of student records. *Id.* at 598. "Rather, by threatening financial sanctions, it seeks to deter schools from adopting policies of releasing student records." *Id.*

*Ragusa*, 549 F. Supp. 2d at 291. Although a school is not subject to sanctions for disclosure of education records covered by FERPA when the disclosure is made pursuant

to a judicial order, *id*. at 291-92, the inquiry does not end there. "The 'privacy violations' that result from any disclosure of FERPA-protected education records are 'no less objectionable simply because release of the records is obtained pursuant to judicial approval unless, before approval is given, the party seeking disclosure is required to demonstrate a genuine need for the information that outweighs the privacy interests of the students.'" *Id*. at 292 (citing *Rios v. Read*, 73 F.R.D. 589, 599 (E.D.N.Y. 1977)). Thus, "a party seeking disclosure of education records protected by FERPA bears 'a significantly heavier burden . . . to justify disclosure than exists with respect to discovery of other kinds of information, such as business records.'" *Id*.

Here, the plaintiff has met this heavy burden. *See Wallace v. Cranbrook Educ. Comm.*, 2006 WL 2796135 (E.D. Mich. Sept. 27, 2006) (granting a motion to compel over FERPA objection in a similar situation); *Davids v. Cedar Falls Community Schools*, 1998 WL 34112767 (N.D. Iowa Oct. 28, 1998) (same). The plaintiff has shown the requested information sought is necessary to learn the identity of potential witnesses to the incident that is the basis of her claims. Also, the information sought is limited and does not include such confidential matters as grades, disciplinary reports, or student evaluations.

The motion to compel is **granted**. However, the operation of this Order is **stayed** for two weeks to permit the defendant to give appropriate notice of this order to the parents of the involved students. The information produced pursuant to this order will be subject to a separate Protective Order the court is entering concurrently with this order.

**IT IS SO ORDERED.**

**DATED** this 6th day of January, 2009.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT